

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 14, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-133

Re: Construction of Section 6
of Article 3912e, Vernon's
Civil Statutes (providing
for apportionment from the
State to the various counties)
in view of the provisions of
Section 2 of House Bill 80,
Acts of the 60th Legislature,
Regular Session, 1967, Chapter
681, Page 1789.

Dear Mr. Calvert:

Your request for an opinion on the above subject matter
reads as follows:

"The Comptroller would like your official opinion
concerning the proper method of apportionment of state
appropriations to the Officers Salary Funds under Arti-
cle 3912(e). Previously, in lieu of the payment of
fees or commissions to county officials, the State of
Texas would pay an apportionment based on the population
of the county to the county for the services rendered the
State by the county. However, the 60th Legislature adopt-
ed H.B. 80 providing for fees to be paid county clerks
and county recorders. The Bill provided as follows:

"'And the fees provided for county
clerks and all other laws, and parts of
law, in conflict with the provisions of
the Act are hereby repealed as to county
clerks, including but not limited to:
. . . sections 1 through 7, Chapter 465,
Acts of the 44th Legislature, Second called
Session, 1935, as amended (Articles 3912e,
Vernon's Texas Civil Statutes).'

"Apparently, the Legislative intent was to remove
the County Clerk from the benefits of the apportionment
of Article 3912(e) and to provide for payment of fees
in lieu thereof. Inasmuch as Article 3912(e) was changed

without being re-enacted or published at length and without the Legislature providing a method by which the apportionment may be made to exclude the county clerk, may the Comptroller administratively adopt a method for such an apportionment? If so, is the following method authorized:

"Before each quarterly apportionment payment could be made by the State, the Comptroller would require a refund from the county of that portion of the county clerk's or county recorder's salary fund which would normally have been paid from State funds. The amount of refund is to be determined by deducting a percentage from the county clerk's or county record-er's officers salary. Such percentage is to be derived by multiplying the salary by the ratio of the State appropriation to the total Officer's Salary Fund (the State apportionment would be the numerator and the Officer's total Salary Fund would be the denominator). Such refund to be made to the State by the Commissioner's Court on or before the last day of February, May, August and November of each year (approximately thirty days after each quarterly apportionment by the State)."

Section 2 of House Bill 80, Acts of the 60th Legislature, Regular Session, 1967, Chapter 681, Page 1789, reads in part:

"Article 3930a, Revised Civil Statutes of Texas, 1925, as added by Section 1, Chapter 495, Acts of the 57th Legislature, Regular Session, 1961, is repealed; and the fees provided for County Clerks in all other laws, or parts of laws, in conflict with the pro-visions of this Act are hereby repealed as to County Clerks only, including but not limited to: Section 10(b), Chapter 340, Acts of the 49th Legislature, Regular Session, 1945 (Article 912a-10, Vernon's Texas Civil Statutes); Sections 1 through 7, Chapter 465, Acts of the 44th Legislature, 2nd Called Session, 1935, as amended (Article 3912e, Vernon's Texas Civil Statutes); . . . . " (Emphasis added.)

Section 1 of House Bill 80 amends Article 3930, Revised

Civil Statutes of Texas, 1925, as amended, so as to provide the fees that the county clerks and county recorders are "authorized and required to collect . . . for services rendered by them to . . . governmental agencies and/or governmental representatives." Item 9 of the appropriation for the year ending August 31, 1968, to the Judiciary Section of the Comptroller's Department reads as follows:

> "Apportionment to counties where county officers are paid salaries (Chapter 465, Section 6 (a), Second Called Session, Acts, Forty-Fourth Legislature). Should any county by election of the Commissioners Court, change from a salary to a fee basis, the Comptroller shall make adjustments in the appropriations by transferring the correct amount from this appropriation to the appropriation made for paying fees and costs of sheriffs and other county officials . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$612,586"

The pre-existing law for the above quoted item of appropriation is Section 6 of Article 3912e which provides:

> "Sec. 6. (a) In counties wherein the county officials are on a salary basis, in addition to the monies deposited in said Officers' Salary Fund or funds under the provisions of Sections 1, 3 and 5 of this Act there shall be deposited therein quarterly on the first day of January, April, July and October of each year, such sums as may be apportioned to such county under the provisions of this Act, out of the available appropriations made by the Legislature for such purposes, provided, however, that in counties wherein the Commissioners' Court is authorized to determine whether county officers shall be compensated on a salary basis, no apportionment shall be made to such county until the Comptroller of Public Accounts shall have been notified of the order of the Commissioners' Court that the county officers of such county shall be compensated on a salary basis for the fiscal year, and in that case the first quarterly payment of such apportionment shall be made in fifteen (15) days after the receipt of such notice by the Comptroller, and the remaining payments on the dates hereinabove prescribed. It shall be the duty of the Comptroller of Public Accounts to annually apportion to all counties in which the county officers are to be compensated on the basis of a salary any monies, appropriated for said year for such apportionment; each county entitled to participate in such apportionment

shall receive for the benefit of its Officer's Salary Fund or funds its proportionate part of the appropriation which shall be distributed among the several counties entitled to participate therein, on the basis of the per capita population of each county according to the last preceding Federal Census; provided that the annual apportionment for such purposes shall not exceed fourteen (14¢) cents per capita of said population of each county where county officers are compensated on a salary basis under the provisions of this Act. Provided that in all counties which had a population of less than sixty thousand (60,000) inhabitants in 1930 according to the last preceding Federal Census and which now have ad valorem valuations for all purposes according to the last approved tax roll of such county, which have increased at least fifty (50) per cent over the valuation for 1930, the amount to be paid to each of said counties for its salary fund shall be the sum not to exceed twenty-five (25¢) cents per capita based on the 1930 population. The quarterly payment of such apportionment of such appropriation shall be made on warrants drawn by the State Comptroller upon the State Treasury payable to the county treasurer of the county in whose favor the apportionment is made and said warrants shall be registered by the Comptroller and the Treasurer and shall be mailed by the Comptroller to the Treasurer of the county.

"(b) No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the Commissioners' Court shall transfer from the General Fund of the county to the Officers' Salary Fund or funds of such county such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom.

"(c) Any monies remaining in the Officers' Salary Fund or funds of any county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid may be, by order of the Commissioners' Court, transferred to the credit of the General Fund of the county."

Section 6 of Article 3912e does not provide any fee for the county clerk and is not in conflict with any provision of House Bill 80, Acts of the 60th Legislature. The provisions of Article

3912e in conflict with the provisions of House Bill 80 are Sections 1 and 3 rather than 2, 4, 5, 6 and 7. Therefore, it is our opinion that Section 6 of Article 3912e has not been repealed or amended by the provisions of House Bill 80, Acts of the 60th Legislature.

You are therefore advised that the counties will continue to receive the apportionment from the State, appropriated by Item 9 of the Judiciary Section of the Comptroller's Office, and the Comptroller is to continue to make the apportionment provided for in Section 6 of Article 3912e.

## SUMMARY

House Bill 80, Acts of the 60th Legislature, Regular Session, 1967, Chapter 681, Page 1789, relating to fees to be charged by county clerks does not amend or repeal Section 6 of Article 3912e, Vernon's Civil Statutes, relating to apportionment by the State to the various counties.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
James Broadhurst
Alan Minter
Jack Sparks
Marvin Sentell

A. J. CARUBBI, JR.
STAFF LEGAL ASSISTANT